**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Haywood C. LAWSON,
Defendant-Appellant.**

**No. 79CA1183.**

Colorado Court of Appeals,
Div. III.

June 25, 1981.

Rehearing Denied July 16, 1981.

Certiorari Denied Oct. 5, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Ilene P. Buchalter, Suzanne Saunders, Deputy State Public Defenders, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Haywood C. Lawson, appeals the denial of his motion for post-conviction relief, alleging that no sentence had been pronounced at the sentencing hearing. We disagree and therefore affirm.

On November 15, 1974, defendant was found guilty by a jury of first degree murder. He waived his right to a penalty hearing by the jury. On January 6, 1975, a sentencing hearing was held after which the trial court issued a formal written judgment of conviction, sentence, and mittimus, which was signed on the same day.

On August 24, 1979, defendant filed his motion for post-conviction relief under the then applicable provisions of Crim.P. 35(b). The trial court denied the motion, finding that the sentencing at the January 6 hearing had been sufficient. The court then stated that if it were necessary to make a formal statement of the sentence, it would do so then. Thereupon, the court made formal pronouncement *nunc pro tunc* January 6, 1975.

We agree with the trial court that the sentencing at the January 6 hearing was sufficient. There can be no doubt that the trial judge intended to impose sentence. At the hearing, it was conceded by both parties in open court that a life sentence was the only sentence permissible under the circumstances of the case. The only remaining issue to be determined was whether the life sentence was to be served concurrently with or consecutively to sentences previously imposed upon the defendant in other trials. These were the only issues addressed by counsel.

Upon completion of the arguments, the defendant exercised his rights of allocution. *See* Crim.P. 32(b). The trial court then indicated an intention to pronounce sentence and, following some prefacing comments on sentence considerations, stated that:

"I am convinced more than ever that my primary duty to society is to impose the maximum sentence that it is in my power to impose."

The defendant then asked a question of the judge, and following his answer, the trial judge announced that:

"I just feel that the sentence should be consecutive and not concurrent."

Under these circumstances, we hold that the sentence was sufficiently pronounced at the January 6, 1975, hearing.

Accordingly, the order is affirmed.

BERMAN and KIRSHBAUM, JJ., concur.